Redevelopment Authority of Allegheny County *v.* Mary J. Stepanik. Redevelopment Authority of Allegheny County, Appellant.

Argued May 3, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*P. Ronald Cooper,* for appellant.

*Leonard M. Mendelson,* with him *Hollingshead and Mendelson,* for appellee.

OPINION BY JUDGE WILKINSON, June 15, 1976:

This is an appeal from an order of the Court of Common Pleas of Allegheny County affirming a report of a board of viewers which awarded appellee business dislocation damages in the amount of $10,-000.00. We reverse.

In 1973, appellant condemned property owned and operated by appellee as a residential apartment building. Following an initial hearing before a board of viewers and a report thereon awarding appellee general damages, which was not contested by either party, a second hearing was held dealing with business dislocation damages under Section 601-A(b)(3) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-601A(b)(3). At the second hearing, the parties stipulated to all relevant facts including the fair monthly rental value of the condemned property—not less than $250.00—and the average annual net earnings received by appellee from the operation of the premises as an apartment building—less than $2,500.00. The sole issue before the board was the validity of Section 103.4(d) of the

Uniform Relocation Assistance Regulations (Regulations), 2 Pa. B. 1335, promulgated by the Attorney General pursuant to Section 604-A of the Code, 26 P.S. §1-604A.

Section 103.4(d) of the Regulations provides: "(d) In the case of a business conducted primarily for the lease or rental of real property, payment under [Section 601-A of the] Code subsection (b)(3) shall be limited to the average annual net earnings (subparagraph (ii))."[1]

The Board held Section 103.4(d) to be invalid, finding that the regulation conflicted with Section 601-A(b)(3) of the Code and filed a report awarding appellee $10,000.00, the maximum amount of additional business dislocation damages allowable by the Code. Appellant appealed to the lower court contending that Section 103.4(d) is consistent, rather than in conflict, with Section 601-A(b)(3) and that the correct amount of damages should be $2,500.00.

Section 601-A(b)(3) of the Code, 26 P.S. §1-601A (b)(3), provides, in material part:

"(b) Any displaced person who is displaced from his place of business[2] or from his farm operation shall be entitled, in addition to any payment received under subsection (a) of this section, to damages for dis-

---

[1] This regulation has since been amended. It is codified at 37 Pa. Code §151.4(iv) and presently provides: "(iv) To be eligible for payment under Subsection (b)(3)(i) of the Act (26 P.S. §1-601A(b) (3)(i)) a business must occupy the premises from which it is displaced. Thus, in the case of the business of leasing or renting real property conducted by a person who does not occupy any part of the premises, payment under Subsection (b)(3) of the Act (26 P.S. §1-601A(b)(3)) shall be limited to the average annual net earnings of the real property (Subsection (b)(3)(ii))."

[2] There was some contention at argument whether a person who leases or rents realty to others "is displaced from his place of business" by the condemnation of such property. However, this issue was not raised below and is not before this Court.

location of such business or farm operation as follows:

. . . .

"(3) In addition to damages under clauses (1) or (2) of this subsection, damages of not more than ten thousand dollars ($10,000) nor less than twenty-five hundred dollars ($2,500), in an amount equal to either (i) forty times the actual monthly rental, *in the case of a tenant,* or forty times the fair monthly rental value, *in the case of owner-occupancy*; or (ii) the average annual net earnings, whichever is greater." (Emphasis added.) (Footnote ours.)

Appellant argued that Section 601-A(b)(3) classifies displaced persons entitled to additional business dislocation damages thereunder into three groups: (1) tenants, (2) owner-occupants, and (3) persons not within the ambit of either (1) or (2). Appellant asserted that owners of real property conducting businesses primarily for the lease or rental of such property are neither tenants nor owner-occupants of the realty but fall within group (3). Therefore, appellant concluded that the computation of damages to such persons under Section 601-A(b)(3) is limited by the very terms of that section to average annual net earnings under subparagraph (ii).

The lower court denied appellant's arguments and affirmed the board of viewers. The court held that absent clear statutory language to the contrary, the entire thrust of Section 601-A(b)(3) is to provide persons conducting all types of businesses which are displaced with the complete set of computation options provided by both subparagraphs (i) and (ii). Finding no language indicating a legislative intent to limit the calculation of damages to displaced owners who conduct businesses primarily for the lease or rental of their real property to average annual net earnings under subparagraph (ii), the court ruled that such

persons are included within the term "owner-occupancy" and, therefore, also entitled to have damages calculated at 40 times the fair monthly rental value under subparagraph (i). Accordingly, the court concluded Section 103.4(d) of the Regulations to be in derogation of an owner's statutory rights under Section 601-A(b)(3) of the Code and thus invalid. In so holding, the court followed similar lower court decisions in *Nealon v. Scranton Redevelopment Authority,* 74 Lack. Jurist 37 (1973), and *Giordano v. Redevelopment Authority,* Pa. D. & C. 2d (C.P. Luzerne, No. 4804-1973, filed May 8, 1975).

Appellant is now before this Court raising the same arguments it did below. We agree with appellant's position. The lower court and the courts it followed completely ignore the word "occupancy" in the compound term "owner-occupancy" in subparagraph (i), contrary to the principle that every statute is to be construed to give effect to all of its provisions. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1921(a).

It is clear that an owner who conducts a business primarily for the lease or rental of his real property is not an "occupant" of such property. "Occupant" is defined as "one who has the *actual* use, possession or control of a thing." *Black's Law Dictionary* 1230 (4th ed. rev. 1968). (Emphasis added.) "Occupancy," with respect to realty, is defined variously as *actual* possession or the "act of *taking* and *holding* possession." *Id.* 1229. (Emphasis added.) Therefore, "occupancy" requires more than the mere right to possess or control property—the right to possess or control must actually be exercised. Thus, while an owner who conducts a business primarily for the lease or rental of his real property may have the right to possess or control the leased premises, he does not have the actual possession or control to be an owner-*occupant.*

Accordingly, we reverse the court below, adopting appellant's interpretation of Section 601-A(b)(3) of the Code and holding Section 103.4(d) of the Regulations to be valid. Appellee's additional dislocation damages under Section 601-A(b)(3), consequently, are limited to average annual net earnings. Since such earnings have been stipulated at less than $2,500.00, appellee is entitled to $2,500.00. Therefore, we remand to the lower court to enter an appropriate order awarding appellee that amount.