Redevelopment Authority of Luzerne County, Pennsylvania, Appellant *v.* Andrew Legosh, Appellee.

Argued September 25, 1978, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Hopkin T. Rowlands, Jr.,* for appellant.

*Gifford Cappellini,* with him *Cardoni, Coslett, Cappellini, Sobota & Piccone,* for appellee.

OPINION BY JUDGE BLATT, December 6, 1978:

This is an appeal from an order by the Court of Common Pleas of Luzerne County in an eminent domain case denying a motion for judgment notwithstanding the verdict. The motion was directed toward setting aside an award of business dislocation damages in the amount of $10,000 to the appellee, Andrew Legosh.

The appellee was the owner of a two-story building located at 414-416-418 Northampton Street, Edwardsville, Pennsylvania and occupied the premises identified as 414 Northampton Street which included a bar and restaurant downstairs and his living quarters upstairs. In the same building in the premises identified as 416 and 418 Northampton Street the appellee maintained apartments which he rented to others. The Redevelopment Authority of Luzerne County (appellant) condemned the entire property, and the trial jury awarded the appellee $53,000 in damages, an amount determined by the jury to be the fair market value. After hearing testimony as to business dislocation damages, the lower court sitting without a jury, awarded the appellee $10,000 for such damages. After a denial of its motion for judgment n.o.v., the appellant appealed to this Court on the sole issue of the propriety of the amount of the dislocation damage award.

Our scope of review of a lower court decision in an eminent domain case is limited to a determination of whether or not discretion was abused or an error of law was committed. *Pidstawski v. South Whitehall*

*Township*, 33 Pa. Commonwealth Ct. 162, 380 A.2d 1322 (1977).

The appellant argues that the lower court improperly assessed the amount of dislocation damages permissible under the Eminent Domain Code[1] (Code). Section 601-A(b)(3) of the Code, 26 P.S. §1-601A(b)(3) provides:

.. (b) Any displaced person who is displaced from his place of business or from his farm operation shall be entitled, in addition to any payment received under subsection (a) of this section, to damages for dislocation of such business or farm operation as follows:

. . . .

(3) In addition to damages under clauses (1) and (2) of this subsection, damages of not more than ten thousand dollars ($10,000) nor less than twenty-five hundred dollars ($2,500), in an amount equal to either (i) forty times the actual monthly rental, *in the case of a tenant,* or forty times the fair monthly rental value, *in the case of owner-occupancy,* or (ii) the average annual net earnings, whichever is greater. . . . (Emphasis added.)

The lower court awarded damages relying on subsection (i) because it determined that the appellee was an owner-occupant of a displaced business. The appellant argues, however, that this determination was improper under our decision in *Redevelopment Authority of Allegheny County v. Stepanik*, 25 Pa. Commonwealth Ct. 180, 360 A.2d 300 (1976), *aff'd*, Pa. , 387 A.2d 1292 (1978), where we held that an owner who conducts a business *primarily for the lease or rental of his real property* is not an "occu-

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq.

pant" of such property and thus his dislocation damages are limited to the average annual net earnings under subsection (ii) of §601-A(b)(3) of the Code.[2]

We believe that the appellant's reliance here on *Stepanik* is clearly misplaced, for here the business for which the appellee has been awarded dislocation damages is not his apartment-rental business, but his *bar and restaurant business.* This is evident from the lower court's opinion which states:

> Plaintiff in this matter was the owner and occupant of a bar and restaurant situated within the condemned building. Plaintiff also occupied an apartment located above the bar and restaurant. These portions of the condemned building were not leased to any individual or business but were used and occupied solely by the Plaintiff. Accordingly, Plaintiff's damages could be computed at forty times the fair monthly rental value of that portion of the building which housed the bar and restaurant and apartment of Plaintiff.

> A review of the testimony reveals the fair monthly rental value of the property occupied by Plaintiff was in excess of $250.00, and would, therefore, compute out to more than the maximum $10,000 allowed for business disloca-

---

[2] This holding upheld the validity of the applicable regulation promulgated by the Attorney General which provided:

(iv) To be eligible for payment under Subsection (b) (3)(i) of the Act (26 P.S. §1-601A(b)(3)(i)), a business must occupy the premises from which it is displaced. Thus, in the case of the business of leasing or renting real property conducted by a person who does not occupy any part of the premises, payment under Subsection (b)(2) of the Act (26 P.S. §1-601A(3)) shall be limited to the average annual net earnings of the real property (Subsection (b) (3)(ii)).

37 Pa. Code §151.5 (iv).

tion damages. In fact, both Plaintiff's and Defendant's expert appraisers agreed that the fair monthly rental value of the portion of the building occupied by Plaintiff was in excess of $250.00.

We believe, therefore, that the lower court properly applied the correct measure of damages in awarding the appellee $10,000 business dislocation dam-- ages and we will affirm its decision.

### ORDER

AND Now, this 6th day of December, 1978, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby affirmed.