## 77783. PERKINS HARDWOOD LUMBER COMPANY et al. v. BITUMINOUS CASUALTY CORPORATION.
### (378 SE2d 407)

CARLEY, Chief Judge.

This declaratory judgment action was precipitated by a tort action that was filed by appellant-defendants Edward DeLoach, Troy Denison and Jerry Mosley against appellant-defendant Perkins Hardwood Lumber Company (Perkins Hardwood). In that underlying tort action, it had been alleged that the negligence of appellant Perkins Hardwood was the proximate cause of injuries sustained in a multi-vehicle collision. The allegations of negligence related to a wood fire begun by an employee of appellant Perkins Hardwood, the smoke from which fire had allegedly reduced visibility on the roadway and caused the collision.

At the time of the collision, appellee-plaintiff Bituminous Casualty Corporation was the liability carrier for appellant Perkins Hardwood. After the tort action was filed, appellee initiated this declaratory judgment action, seeking a declaration that, under the "pollution exclusion" of the policy, it afforded no liability coverage to appellant Perkins Hardwood for damages resulting from the collision. Cross-motions for summary judgment were filed. After conducting a hearing, the trial court granted summary judgment in favor of appellee and denied appellants' motion for summary judgment. Appellants appeal from the trial court's orders.

1. In relevant part, the "pollution exclusion" provides: "This insurance policy does not apply (1) to bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, release, or escape of pollutants. . . . Subparagraph (1) of this exclusion does not apply to bodily injury or property damage caused by heat, smoke or fumes from a hostile fire. As used in this exclusion, a hostile fire means one which becomes uncontrollable, or breaks out from where it was intended to be. Pollutants mean any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed." The uncontradicted evidence of record shows that the fire in question was not a "hostile fire." Thus, the specific limitation on the scope of the exclusion is

inapplicable and the contractual interpretation issue that is presented for resolution is whether the exclusion is so broad as to negate the existence of liability coverage for injuries which allegedly resulted from the discharge of smoke from a non-hostile wood fire.

Appellants urge that the pollution exclusion is ambiguous as to whether the smoke from a wood fire is deemed to be a pollutant. However, the exclusion clearly and unambiguously defines a pollutant as an "irritant or contaminant including smoke. . . ." The exclusion does not require that the "smoke" result from the burning of any specified material in order to be considered an "irritant or contaminant." " 'It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties.' [Cit.] The law will not make a contract for the parties which is different from the contract which was executed by them." *Sellers v. Alco Fin.*, 130 Ga. App. 769, 770 (4) (204 SE2d 478) (1974). "[A] contract of insurance should follow the cardinal rule of construction so as to carry out the true intention of the parties, and their rights are to be determined by the terms of the contract. Its language should receive a reasonable construction and not be extended beyond what is fairly within its plain terms. Where the language fixing the extent of coverage is unambiguous, as here, and but one reasonable construction is possible, this court must enforce the contract as written. [Cits.]" *Fidelity &c. Co. of Md. v. Sun Life Ins. Co. of America*, 174 Ga. App. 258, 260 (329 SE2d 517) (1985). "[A] policy of insurance 'which, when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability, cannot be extended beyond what is fairly within its plain terms.' [Cit.]" *Showers v. Allstate Ins. Co.*, 136 Ga. App. 792, 793 (222 SE2d 198) (1975). No ambiguity remains as to the scope of the pollution exclusion and, under the proper construction of that provision, liability coverage is excluded for injuries arising out of the discharge of smoke from a non-hostile wood fire.

2. Appellants further urge the inapplicability of the exclusion on the ground that the underlying tort action is not predicated upon the discharge of the smoke but upon the failure of appellant Perkins Hardwood to warn motorists of the presence of the smoke. However, the policy broadly excludes coverage for damages "arising out of" the discharge of smoke. Any damages that may have resulted from a subsequent failure to warn of the presence of the smoke would clearly be damages "arising out of" the initial discharge of the smoke. "[N]o right of recovery would exist at all had the [discharge of smoke] not originally occurred. . . . ' "Courts have no more right by strained construction to make the policy more beneficial by extending the coverage contracted for than they would have to increase the amount of the insurance. [Cit.]" ' [Cit.]" *Cotton States Mut. Ins. Co. v. Crosby*, 244 Ga. 456, 457-458 (260 SE2d 860) (1979). See also *St. Paul Fire*

&c. *Ins. Co. v. Cohen-Walker, Inc.*, 171 Ga. App. 542, 545 (320 SE2d 385) (1984). The underlying tort action seeking a recovery of damages "arising out of" the discharge of smoke and liability coverage for such damages is excluded under the terms of the policy.

3. The trial court correctly granted summary judgment in favor of appellee and correctly denied appellants' motion for summary judgment.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 8, 1989.

*Zorn & Caldwell, William A. Zorn*, for appellants.
*Bovis, Kyle & Burch, James E. Singer*, for appellee.