TRI COUNTY SERVICE COMPANY,
INC., Appellant,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, Appellee.

No. 04–92–00516–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 29, 1993.

Rehearing Denied April 13, 1994.

Daniel A. Bass, San Antonio, for appellant.

H. Jerome Gette, Michael Sean Quinn, Steven J. Badger, Zelle & Larson, Dallas, Elizabeth Rogers, Haynes and Boone, L.L.P., San Antonio, for appellee.

Before REEVES, C.J.,[1] PEEPLES and RON CARR, JJ.

OPINION

RON CARR, Justice [2].

This is an appeal from a summary judgment which presents us with an issue of first impression concerning the proper construction and interpretation of a standard "pollution exclusion" clause contained in a commercial general liability insurance contract issued by appellee, Nationwide Mutual Insurance Company, [Nationwide] to its insured, appellant, Tri County Service Company, Inc. [Tri County].

1. Chief Justice Blair Reeves (Retired), not participating.

2. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

The facts of this case are undisputed. Tri County was a paving subcontractor working under contract paving an H.E.B. parking lot. Tri County began its work in September 1990 and completed the project in December 1990. On November 7, 1990, as part of the paving project, Tri County's subcontractor sprayed MC–30 prime oil on the parking lot base material at the construction site. That night, heavy rains washed the oil into a nearby creek. Subsequently, H.E.B. removed the oil from the creek and docked Tri County for the cost of cleanup. Tri County claimed this loss under both its general and umbrella policies with Nationwide, which denied coverage based upon the following respective "Pollution Exclusions":

*General Policy Exclusions:*

2. **EXCLUSIONS.**

This insurance does not apply to:

\* \* \* \* \* \*

f. (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

\* \* \* \* \* \*

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations:

(i) if the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor;

*Umbrella Policy Exclusions:*

II. **EXCLUSIONS**

This insurance does not apply:

E. To:

1. Bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

\* \* \* \* \* \*

b. At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

\* \* \* \* \* \*

d. At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

\* \* \* \* \* \*

(2) If the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor.

Thereafter, Tri County sued Nationwide on the policies. In the trial court the parties stipulated to all material facts and each moved for summary judgment.

The trial court's conclusions of law held that the exclusionary language was not ambiguous and that the terms of both exclusions should be given their "plain, ordinary and generally accepted meaning"; that MC–30 prime oil was a "pollutant" within the terms of both exclusions; that Tri County "occupied" the construction site as that term is used in the exclusions; and, that Tri County, or a contractor or subcontractor working directly or indirectly on its behalf, was "performing operations" at the construction site within the meaning of the terms in the exclusions.

On the basis of these conclusions of law, the trial court further held that the subject policies barred coverage and granted Nationwide's motion for summary judgment and denied Tri County's motion for summary judgment.

On appeal, Tri County does not dispute any of the trial court's findings of fact but in five points of error attacks the trial court's judgment by contending that the trial court erred:

1. IN CONCLUDING THAT TRI COUNTY "OCCUPIED" THE CONSTRUCTION SITE AS THAT TERM IS USED IN THE POLICY [Point One];

2. IN CONCLUDING THAT TRI COUNTY OR A CONTRACTOR OR SUBCONTRACTOR WORKING DIRECTLY OR INDIRECTLY ON ITS BEHALF WAS, AT THE TIME OF THE OCCURRENCE, "PERFORMING OPERATIONS" AT THE CONSTRUCTION SITE AS THAT TERM IS USED IN THE POLICY, GIVING THAT TERM ITS PLAIN, ORDINARY AND GENERALLY ACCEPTED MEANING. [Point Two];

3. IN CONCLUDING THAT THE TERMS "OCCUPIED" AND "ARE PERFORMING OPERATIONS" ARE UNAMBIGUOUS. [Point Three]; AND

4. IN GRANTING NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT AND IN FAILING TO GRANT TRI COUNTY'S MOTION FOR SUMMARY JUDGMENT FOR, AS A MATTER OF LAW, THE POLLUTION EXCLUSION DOES NOT BAR COVERAGE AND THE STIPULATIONS OF THE PARTIES ENTITLE TRI COUNTY TO SUMMARY JUDGMENT FOR ALL AMOUNTS CLAIMED BY IT. [Points Four and Five].

We affirm.

■ The terms "occupied" and "performing operations" are not specially defined by the policy. Thus, the terms must be given their plain, ordinary and generally accepted meaning, unless consideration of the instrument itself shows it to have been used in a different sense. *Western Reserve Life Ins. Co. v. Meadows,* 152 Tex. 559, 564, 261 S.W.2d 554, 557 (1953), *cert. denied,* 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1081 (1954).

■ On appeal, Tri County contends that the absolute pollution exclusion in Nationwide's policies is inapplicable because it never "occupied" or "performed operations" in the parking lot when the MC–30 oil flowed into Dry Comal Creek. Specifically, it claims that it did not "occupy" the parking lot because it held no property interest in the site. Tri County also argues that the "performing operations" term does not apply because it refers only to releases which occur when Tri County or its subcontractors are not only performing operations but also physically present on the work site.

On the basis of the plain language of the exclusion in question, virtually all courts in other jurisdictions which have considered such an exclusion have found that it precludes *all* coverage of *any* liability arising out of the release of pollutants. *See e.g., Perkins Hardwood Lumber Co. v. Bituminous Casualty Corp.,* 190 Ga.App. 231, 378 S.E.2d 407, 409 (1989) (absolute pollution exclusion unambiguous and excludes coverage for smoke); *Guilford Indus. Inc. v. Liberty Mut. Ins. Co.,* 688 F.Supp. 792, 794 (D.Me. 1988) (pollution exclusion "clear and unambiguous" and establishes "lack of coverage"), *aff'd,* 879 F.2d 853 (1st Cir.1989); *see also Budofsky v. Hartford Ins. Co.,* 147 Misc.2d 691, 556 N.Y.S.2d 438, 440 (N.Y.Sup.Ct.1990) (pollution exclusion is "plain and unmistakable"); *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 122 (2d Cir.1990) ("Total Pollution Exclusion" endorsement barred coverage for losses incurred when vandals caused fuel oil to escape from a holding tank). "There is no ambiguity in this clause, it is clear on its face.... This pollution exclusion is just what it purports to be—absolute—and [there is] no reason why [the insurer] should be denied the benefit of its bargain ... as reflected in the insurance contract." *Alcolac, Inc. v. California Union Ins. Co.,* 716 F.Supp. 1546, 1549 (D.Md.1989).

■ In Texas, unambiguous language in an insurance contract must be given its plain, ordinary, and generally accepted meaning. *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936, 938 (Tex.1984). Further, summary judgment is appropriate in cases where such unambiguous language is at issue. *Phillips v. Union Bankers Ins. Co.,* 812 S.W.2d 616, 617 (Tex. App.—Dallas 1991, no writ).

Tri County asks this Court to ignore the "plain, ordinary, and generally accepted" meaning of "occupied" because the Texas Supreme Court's decision in *Hernandez v. Heldenfels,* 374 S.W.2d 196, 200 (Tex.1963) equates "occupied" with "ownership." *Heldenfels,* however, does not support Tri County's definition of "occupied." Indeed, it supports the trial court's finding that Tri County "occupied" the parking lot according to that

term's "plain, ordinary, and generally accepted" meaning.

In *Heldenfels*, the Texas Supreme Court found explicitly that a contractor or subcontractor, such as Tri County, can "occupy" a site without owning or holding any other property interest in the premises. The Texas Supreme Court, applying the "plain, ordinary, and generally accepted" meaning of "occupied," noted that the contractor in *Heldenfels* had "the right to occupy such portions of the roadway as were necessary for them to use in carrying out the obligations which they had assumed as a subcontractor" and that "an occupier of land ... may not be [its] owner...." *Heldenfels*, 374 S.W.2d at 198; *see* 8 COUCH ON INSURANCE 2d § 37A:424 (1985 Rev.Ed.) (occupation means physical occupation, not a property interest). The Supreme Court of Texas has, therefore, articulated a definition of the term "occupied" which is consistent with the ordinary definition used in other jurisdictions. *See Redevelopment Auth. of Allegheny County v. Stepanik*, 25 Pa.Cmwlth. 180, 360 A.2d 300, 302 (1976) (occupant is "one who has actual use" of property), *aff'd*, 479 Pa. 199, 387 A.2d 1292, 1294 (1978).

■ Tri County also argues that the parties intended to limit the time period during which Tri County was "performing operations" in the parking lot only to situations where Tri County's employees were physically present at the parking lot and actively at work.

Tri County argues in essence, that when its employees went home for the night on November 7, 1990, it ceased performing operations in the parking lot.

The undisputed facts demonstrate that Tri County was performing operations on November 7, 1990, when its subcontractor applied the MC–30 oil that subsequently polluted Dry Comal Creek. That its employees were not physically present at the time the pollution occurred is not controlling because its contract was not completed. Tri County did not complete work on the parking lot until December 26, 1990, and, therefore, it was still performing operations at the time the pollution was discharged. This interpretation is consistent with Texas law and was recently acknowledged by the Texas Court of Appeals in *Gar–Tex Construction Co. v. Employers Casualty Co.*, 771 S.W.2d 639 (Tex. App.—Dallas 1989), writ denied).

In *Gar–Tex*, a heavy weekend rainfall resulted in a runoff of water which damaged a construction site. Gar–Tex, a subcontractor responsible for the construction site, requested that its insurer cover the cost of repairing the water damage. The insurer denied coverage claiming that the damage fell within one of the exclusions to coverage stated in the insurance policy. Gar–Tex challenged the applicability of the exclusion, asserting that "because no actual work was being performed on the [site] during the weekend" they were not "performing operations." *Gar–Tex*, 771 S.W.2d at 642. In rejecting this argument, the court noted that performing operations "does not require active construction. Gar–Tex was in possession of and occupied the [site] and the various precautionary structures until its subcontract was completed." *Id.* The court explicitly found that "the damage was sustained by property upon which operations were being performed by Gar–Tex." *Id.*

Based upon the foregoing, we hold that the trial court properly granted Nationwide's motion for summary judgment and denied Tri County's motion for summary judgment because the absolute pollution exclusion at issue unambiguously bars coverage of any liability arising out of the release or escape of pollutants by the insured in an area the insured "occupied" or was otherwise "performing operations."

Appellant's points of error are overruled. The judgment of the trial court is affirmed.