A94A2467. AMERICAN STATES INSURANCE
COMPANY v. ZIPPRO CONSTRUCTION COMPANY et al.
(455 SE2d 133)

BEASLEY, Chief Judge.

The insurer appeals from an adverse ruling on its complaint for declaratory judgment regarding coverage for alleged asbestos contamination of a residence. There is no coverage as a matter of law.

The material facts are not in controversy. In January 1992, Zippro Construction Company was employed as a subcontractor to remove, scrape, and sand portions of a kitchen floor at the Conley residence. This was a part of repair work following treatment for termite infestation by Alexander Termite & Pest Control Company, Inc. The Conleys sued the pest control company and William H. Zippro, alleging with regard to Zippro: the work was done improperly and not in a skillful and workmanlike manner, causing asbestos fibers in the kitchen flooring to become airborne and contaminate the home, thereby exposing the Conleys and those entering the home to unreasonable risk of personal injury; Zippro was grossly negligent in undertaking the work without determining whether the flooring contained asbestos and in failing to utilize ordinary and necessary precautions and procedures for the removal and handling of such dangerous substance; Zippro acted in a wilful and wanton manner, entitling them to punitive damages. The Conleys asked for the cost to test and remove the contamination from the property in an amount not less than $30,000, vindictive damages for injury to their peace and happiness, punitive damages, reasonable attorney fees, and costs.

Zippro was insured under a commercial liability policy with American States Insurance Company, effective from September 20, 1991 to September 20, 1992. Zippro made demand under the policy for American States to defend and indemnify Zippro on the Conley claim. The insurer denied coverage based on exclusions in the policy.

American States filed the instant action against Zippro, William H. Zippro individually, the pest control company, and the Conleys. The insurer sought summary judgment, as did the Conleys by cross-motion. It was denied to the insurer and granted to all defendants. The court concluded that American States had a duty to defend and indemnify its insured.[1]

1. American States contends that no defendant was entitled to summary judgment because of seven different terms and conditions of the policy which would exclude coverage.

The policy covers "bodily injury," "property damage," "personal injury," and "advertising injury." There is no provision for coverage of punitive or vindictive damages.

As to any damage to body or property which the Conleys claim, subsection (f) of the policy, which the insurer terms an "absolute pollution exclusion," bars coverage. As pertinent, it excludes coverage for

"(1) 'Bodily injury' or 'property damage' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants: . . .

"(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

"(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

"(d) At.or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations: . . .

"(ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants . . .

"(2) Any loss, cost, or expense arising out of any:

"(a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effect of pollutants; . . .

"Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

The applicable principles are as follows: " ' "The words used in

---

[1] In the summary judgment order, the trial court also lifted a stay of proceedings in the Conleys' suit.

policies of insurance, as in all other contracts, bear their usual and common significance [cit.], and policies of insurance are, as all other contracts, to be construed in their ordinary meaning. (The parties') rights are to be determined by (the policy's) terms so far as they are lawful, and the language of the contract should be construed in its entirety, and should receive a reasonable construction and not be extended beyond what is fairly within its plain terms; and where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made." ' (Citations omitted.) [Cit.]" *Hollis v. St. Paul Fire &c. Ins. Co.*, 203 Ga. App. 252, 253 (416 SE2d 827) (1992).

There is little question that asbestos constitutes a pollutant as unambiguously defined in the exclusion. See *Perkins Hardwood Lumber Co. v. Bituminous Cas. Corp.*, 190 Ga. App. 231 (378 SE2d 407) (1989), which involves a similar pollution exclusion. It is a known respiratory "irritant" and a solid "contaminant." In fact, the Conleys allege in their suit that the released asbestos fibers contaminated their home. Moreover, the asbestos from the flooring is also accurately characterized as "waste," within the meaning of the policy and as the asbestos was treated here.

Accepting that the released asbestos is indeed a pollutant, provision (f) subparagraphs (1) (b) & (d) (ii) and (2) (a) bar coverage of any damage to body or property under the circumstances of this case. The fact that the release of asbestos might have been unintended or unanticipated as Zippro contends does not invoke coverage because there is no limitation in the exclusion based on intent or foreseeability. Compare the pollution exclusion clause examined in *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333 (380 SE2d 686) (1989). It contained an exception for pollution that was "sudden and accidental," which the Supreme Court determined to mean "unexpected and unintended."

Nor can coverage be created under a theory of estoppel, based on the Conleys' assertion that an American States' adjuster informed them in March 1992 that there was coverage under the policy and that the insured was negligent. " 'The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom. (Cits.)' (Cit.)" *Lumber Transport v. Intl. Indem. Co.*, 203 Ga. App. 588, 590 (2) (c) (417 SE2d 365) (1992).

2. It is unnecessary to address the remaining policy terms, which the insurer asserts also block coverage of the Conleys' claim, and the contention that the Conleys were not entitled to the grant of summary judgment because they are not named insureds under the

policy.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED FEBRUARY 23, 1995 —
RECONSIDERATION DENIED MARCH 7, 1995 —

*Charles M. Goetz, Jr., Scott M. Zahler,* for appellant.
*Macklyn A. Smith, Sr.,* for appellees.