McMlLLIAN, Judge,
concurring specially.
I write separately to make it plain that contrary to the majority’s conclusion that an insurer must “specifically exclude lead-based paint injuries from coverage,” it has never been the law in the state *787 of Georgia that a pollution exclusion clause in an insurance contract must specifically list the exact pollutant in order for the clause to exclude coverage. See, e.g., Reed v. Auto-Owners Ins. Co., 284 Ga. 286 (667 SE2d 90) (2008) (carbon monoxide is a “pollutant” even though pollution exclusion clause only referred to “fumes”); Truitt Oil & Gas Co., Inc. v. Ranger Ins. Co., 231 Ga. App. 89, 91 (498 SE2d 572) (1998) (“In light of the policy language and the usual significance of the words used in the policy, it was unnecessary for the policy to specifically list gasoline as a pollutant.”); American States Ins. Co. v. Zippro Constr. Co., 216 Ga. App. 499, 501 (1) (455 SE2d 133) (1995) (asbestos falls within definition of pollution exclusion because it is a “known respiratory ‘irritant,’ ” “solid ‘contaminant,’ ” and a “ ‘waste,’ within the meaning of the policy and as the asbestos was treated” in that case).
Decided March 30, 2015
Jonathan W. Johnson, Childers, Schlueter & Smith, C. Andrew Childers, for appellant (case no. A14A1824).
Strauss & Frost, John L. Strauss, for appellant (case no. A14A1825).
James Bates Brannan Groover, Duke R. Groover, Lee M. Gillis, Jr., for appellee.
Moreover, I believe that the majority’s reliance on Sullins v. Allstate Ins. Co., 340 Md. 503, 516 (667 A2d 617) (1995), for the proposition that “an insured could reasonably have understood the provision at issue to exclude coverage for injury caused by certain forms of industrial pollution, but not coverage for injury allegedly caused by the presence of leaded materials in a private residence” is off the mark. In Reed, our Supreme Court has already rejected the notion that a similarly worded pollution exclusion clause “ ‘can’ reasonably be read as being ‘limited to what is commonly or traditionally considered environmental pollution.’ ” 284 Ga. at 288.
Accordingly, for these and other reasons, I do not agree with all that is said in the majority’s opinion, making the majority’s decision nonbinding physical precedent only pursuant to Court of Appeals Rule 33 (a).