## 38860. TRAVELERS FIRE INSURANCE COMPANY v. ROBERTSON.

DECIDED JUNE 6, 1961.

*Roger H. Lawson, Popper & Popper,* for plaintiff in error. *Lovejoy Boyer,* contra.

CARLISLE, Presiding Judge. This is a suit to recover amounts claimed to be due on two fire insurance policies issued by the defendant to the plaintiff and covering the plaintiff's residence, furniture and personal effects therein and certain barns and farm machinery and equipment stored in them. The loss oc-

curred on Feburary 28, 1950. The sole defense made by the defendant under the record in this case to the action was the alleged failure of the plaintiff to furnish a sworn proof of loss within 60 days from the date of the fire. This contention was made by various grounds of general and special demurrer, which were overruled, and by a motion for a directed verdict and a motion for a judgment n. o. v. which were denied. It was alleged in the petition that the loss was reported to the defendant's agent at Hawkinsville, Georgia, and that the defendant sent an adjuster who made an investigation, took a signed statement from the plaintiff and requested that the plaintiff furnish an inventory of the personal property destroyed in the fire. The plaintiff contended that the statement given by him to the defendant was a sworn statement or that he was so informed and led to believe by the defendant's agent, and he alleged that, if the statements furnished by him to the defendant were not sufficient to constitute a proof of loss, as required by the policy, the defendant was estopped to contend otherwise. The assignments of error here are on the orders overruling the demurrers and the motion for a judgment n. o. v.

From a reading of the plaintiff's petition as amended it appears that plaintiff based his right to recover (insofar as the issue made by the demurrers) on the theory that he either made a sworn statement equivalent to a proof of loss, or that the defendant had waived or was estopped to insist upon strict compliance with the requirement that he submit sworn proof of loss. The demurrers were solely on the ground that the petition failed to allege that the plaintiff had complied with the requirements of the policy as to the submission of the proof of loss and no demurrer on the ground of duplicity was filed.

On the trial of the case, the evidence at least authorized the jury to find that the defendant had written notice of the loss, that it investigated it and entered into negotiations with the plaintiff to procure information which it desired, such negotiations extending over a period from the date of the loss to some time in September, 1950, when the plaintiff wrote to the defendant inquiring when his claim would be paid. The plaintiff testified that he was informed by the investigator and by the

defendant's agent at Hawkinsville that he had furnished all documents and papers necessary for the defendant to process his claim, and he further testified, as did the defendant's own witnesses, that no request for a sworn proof of loss was ever made by the defendant. While it was not incumbent upon the defendant to request a proof of loss, the defendant knew under the evidence that the plaintiff's policies had been destroyed by fire, and that the plaintiff might not have been cognizant of what was required of him under the terms of the policies. The evidence further shows that he was not furnished copies of his policies until some five years after the loss occurred and after suit had been commenced. Under these circumstances, the evidence at least authorized the jury to find, if it did not demand a finding, that the defendant, by its course of negotiation with the plaintiff, lulled him into a belief that his claim would be paid provided he furnished the information requested, and that, in furnishing the requested information, he had done all that he needed to do in order properly to present his claim to the company. While the defendant may not have intended to waive strict compliance with the requirements as to proof of loss, it was at least estopped by the course of negotiation which it followed with the plaintiff to contend after suit had been brought that the plaintiff had not complied with these requirements of the policies. *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732, 736 (179 S. E. 256); *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 S. E. 2d 474). It follows that, since the evidence authorized the finding of the jury with respect to the issue as to proof of loss, it did not demand a contrary finding and the judge did not err in denying a judgment n. o. v. None of the grounds of demurrer was meritorious.

*Judgment affirmed. Nichols and Eberhardt, JJ., concur.*