57284. McKAY et al. v. CONSOLIDATED AMERICAN INSURANCE COMPANY, INC.

Banke, Presiding Judge.

This appeal is from the grant of the defendant's motion to dismiss after hearing, a suit brought against it to collect money damages under a homeowner's fire

insurance policy. The ground of the motion was that the plaintiffs had ceased to be the real parties in interest in the action.

Damage to the house in question was apparently caused by interior water resulting from the freezing and rupturing of water pipes. The house had been newly purchased and was not yet occupied. Plaintiffs made demand on the defendant insurer for their loss and were denied. After suit was filed but before repairs were undertaken, the plaintiffs' mortgage company foreclosed on the house, and no confirmation or deficiency proceeding was subsequently undertaken. *Held:*

Assuming that the loss was covered under the policy, the plaintiffs' recovery would be limited under the terms of the policy to the cost of repair. However, the plaintiffs have expended no sums to repair the premises, and it is clear that they no longer have any interest in doing so. They have, in short, suffered no loss.

The plaintiffs contend that their entitlement to recovery vested in them at the time of the loss, making the subsequent foreclosure irrelevant. This proposition is unique in Georgia, and the plaintiffs have not guided us to any authority in support of it in other jurisdictions. The Supreme Court of Wisconsin has held that the amount of damage should be determined as of the time of loss, but "recovery is contingent on the right of the insurer to restore the building to its former usefulness. When there are other related parties by contract, may not the building be restored by others who have the right to do so, and thus defeat the right of recovery by one who has no loss in fact? The court looks to the substance of the whole transaction rather than to seek a metaphysical hypothesis upon which to justify a loss that is no loss." Ramsdell v. Ins. Co. of No. Amer., 221 NW 654 (1928). Under the terms of the insurance contract presented here, it is specified that any loss payable would be paid to the mortgagee, and the insured "as interests appear." Such a clause was the subject of litigation in *Simmons v. American Sec. Ins. Co.,* 107 Ga. App. 364 (130 SE2d 351) (1963), wherein it was held that "the insured may not over timely special demurrer, sue in his own name to recover the loss to the exclusion of the mortgagee."

For the above reasons, we hold that the trial court was correct in dismissing the complaint.

*Judgment affirmed. Underwood and Carley, JJ., concur.*

SUBMITTED FEBRUARY 6, 1979 — DECIDED APRIL 24, 1979.

*Dye & Williams, William J. Williams,* for appellants.
*Fulcher, Hagler, Harper & Reed, Wiley S. Obenshain, III, G. Larry Bonner,* for appellee.