## 60891. ALLSTATE INSURANCE COMPANY v. McGEE.

SHULMAN, Presiding Judge.

Defendant-insurer, Allstate Insurance Company (hereinafter "Allstate"), appeals from a verdict and judgment in favor of plaintiff-insured.

The pertinent facts are as follows: Plaintiff purchased a recreational insurance policy from Allstate insuring plaintiff against loss resulting from physical damage to his Stardust Cruiser boat up to an amount not to exceed a $15,000 actual cash value. It was plaintiff's contention that his boat was damaged in an ice and snowstorm. It was Allstate's contention that any damage to the boat was the result of the gradual deterioration of the boat and thus was not a covered loss under the policy. Additionally, Allstate argued that plaintiff's failure to comply with conditions precedent to recover precluded Allstate's liability. We do not find Allstate's contentions of error meritorious. Accordingly, the judgment of the court below is affirmed.

1. Appellant Allstate submits that the testimony of estimates of damage or cost of repairs was inadmissible and that it did not support the verdict and judgment. We disagree.

A. Appellant raised no objection either to the qualifications of appellee's "expert" witness to testify to the cost of repairs or to his monetary estimates of the cost of repairing appellee's boat. Allstate will not, therefore, be heard to complain on appeal of the admission of such testimony. See, e.g., *Lurlee, Inc. v. Pernoshal-39 Co.,* 135 Ga. App. 724 (5) (218 SE2d 701).

B. Appellant complains that additional cost-of-repair evidence was inadmissible hearsay. Again, Appellant failed to raise objection to its admission at trial. The admission of such evidence, therefore, does not present grounds for reversal.

Moreover, even if the evidence was hearsay and without probative value, appellee-insured presented competent and probative evidence of cost of repairs (see Division 1A) upon which the jury could base its verdict and monetary award, which was well within the limits of Allstate's monetary liability.

2. Nor can we agree with appellant's contentions that appellee failed to show a recompensable loss. The fact that the insured may have sold his boat for an amount greater than its cash value under the policy does not preclude his recovery from Allstate. It demonstrates, perhaps, that appellee underinsured his boat, but it does not nullify or eradicate Allstate's liability for loss or damage to the boat. The jury found (as the evidence authorized) that the cost of repairs of insured's boat was $3,250, a sum well within the range of Allstate's monetary liability.

3. We disagree with Allstate's contention that the insured could not recover under the policy unless and until he actually made the repairs in question. The policy does not make actual repairs a prerequisite to recovery, and this court will not infer such a requirement from the language of the contract. The pertinent contractual provision reads as follows: "The limits of Allstate's liability for loss shall not exceed the actual cash value of the property, or *if the loss is of a part, its actual cash value, at the time of loss, but not to exceed what it would then cost to repair or replace the property or such part . . ."* (Emphasis supplied.) Contrary to appellant's assertions, nothing in this provision requires the insured to repair, as a condition precedent to the insurer's liability.

Appellant argues on the basis of the holding in *McKay v. Consolidated Am. Ins. Co.,* 149 Ga. App. 691 (256 SE2d 93), that appellee's sale of the boat (prior to judgment below) eradicates his interest in the boat and precludes his recovery for loss.

In *McKay,* the insurance contract specified that any loss payable would be paid to the mortgagee and the insured "as interests appear." Since the insured in *McKay* no longer had any interest in the property in question (all the interest was in the mortgagee), the insured had no recompensable loss under the terms of the contract. The contract in the instant case makes no provision for its liability contingent upon "as interests appear." Therefore, the holding in *McKay* does not mandate judgment in favor of appellant for the reason that appellee is no longer in possession of the insured boat.

4. Appellant contends that appellee failed to comply with a condition precedent to his recovery under the policy by not filing a sworn proof of loss. On that ground, appellant asserts that the trial court erred in denying its motion for a directed verdict. We disagree.

The pertinent provision of the contract of insurance requires the insured, upon loss, to "within 90 days after notice of loss has been given, file with Allstate his sworn proof of loss in such form and including such information as reasonably may be required by Allstate . . ."

Allstate does not contend that it received no proof of loss; indeed, it admits receiving written proof of loss subsequent to plaintiff's oral notification of the damage. Allstate, however, asserts that the insured's failure to swear to such proof of loss, a condition precedent to the insured's recovery, nullifies its liability and mandates a judgment in its favor.

The evidence in the instant case brings it within the purview of *Travelers Fire Ins. Co. v. Robertson,* 103 Ga. App. 816 (120 SE2d 657). There was evidence from which the jury could reasonably find that Allstate was estopped to deny liability upon the insured's

technical failure to comply strictly with the policy's notice requirement.

Where, as here, there is evidence that the insurer, "by its course of negotiation with the plaintiff, lulled him into a belief that his claim would be paid provided he furnished the information requested, and that, in furnishing the requested information, he had done all that he needed to do in order properly to present his claim to the company" (*Travelers,* supra, p. 818), the jury was authorized to find estoppel.

"While the defendant may not have intended to waive strict compliance with the requirements as to proof of loss, it was at least estopped by the course of negotiation which it followed with the plaintiff to contend after suit had been brought that the plaintiff had not complied with [the] requirements of the policies." Id., p. 818. See also *Hartford Accident &c. Co. v. Grant,* 113 Ga. App. 795 (2) (149 SE2d 712).

5. Contrary to defendant's contentions, there was evidence at trial to authorize the jury to conclude that Allstate had acted in bad faith in refusing to settle plaintiff's claim of loss. See, e.g., *Ga. Farm Bureau Mut. Ins. Co. v. Nelson,* 153 Ga. App. 623 (4) (266 SE2d 299). See also Code Ann. § 56-1206. The award of attorney fees therefore was not error for the reason assigned.

6. Appellant complains of the admission of testimony regarding the actions of another insurance company in paying a similar claim. Since prior to the complained of testimony other testimony of the same nature was admitted without objection, any error in the admission of the subsequent testimony is deemed harmless. See *Parks v. Brissey,* 114 Ga. App. 563 (2) (151 SE2d 896).

Moreover, such testimony was pertinent to the issue of appellant's bad faith and was admissible on that ground.

7. Questions of relevancy are within the domain of the trial court. Absent a showing that the trial court abused its discretion in refusing to admit evidence on the grounds of its irrelevancy, the court's ruling will not be disturbed on appeal. *MacNerland v. Johnson,* 137 Ga. App. 541 (1) (224 SE2d 431). Appellant has made no such showing here.

Appellant sought to introduce testimony regarding the roof problems of other boats (not identical, though similar, to the boat in question), which problems were the product of gradual deterioration rather than the result of storm conditions (which the insured in the instant case contended was the cause of the damage to his boat). The trial court was authorized to find that evidence of the condition of other boats was not relevant to the condition of appellee's boat, and thus not relevant to the issue of whether the damage to appellee's boat was the product of gradual deterioration or the result of an ice

and snowstorm.

Moreover, the trial court did allow defendant to present evidence as to one other boat in order to show that the damage to such boat (similar to the damage to plaintiff's boat) was due to its gradual deterioration.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JANUARY 8, 1981.

*Charles A. Wiley, Jr., Nicholas C. Moraitakis,* for appellant.
*Jack C. Bell,* for appellee.