Robert **WHITEHEAD** d/b/a Pro
Discount Shoes and Boutique
Store, Plaintiff,

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant.**

Civ. A. No. C82–610A.

United States District Court,
N. D. Georgia,
Atlanta Division.

July 20, 1982.

E. Graydon Shuford, Jr., Decatur, Ga., for plaintiff.

Clayton H. Farnham, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This is an action on a contract of insurance originally brought by plaintiff-insured in the Superior Court of Fulton County seeking recovery under his policy for an alleged loss due to theft, as well as a 25% statutory penalty, attorney's fees, and punitive damages based on defendant's alleged bad faith refusal to pay plaintiff's claim. Defendant removed the action to this Court on the basis of diversity of citizenship and has now moved for summary judgment.

The following facts are not in dispute. On November 4, 1981, defendant Lumbermen's Mutual Casualty Company issued to plaintiff a standard business owner's policy providing coverage for, among other things, the merchandise in plaintiff's place of business, Pro Discount Shoes and Boutique Store. On December 11, 1981, plaintiff delivered to defendant a schedule of merchandise with a listed value of $19,180.30 that allegedly had been stolen from the insured premises on the previous day. The inventory was prepared by plaintiff's accountant but was neither signed nor sworn to by the plaintiff himself.

Thereafter, defendant retained independent accountant experts to review the business records of the plaintiff's store and the inventory remaining in the store following the alleged burglary. On February 19, 1982, two employees of the defendant, Mell Dickerson and Harry Robinson, met with the plaintiff at defendant's office. At this meeting Mr. Dickerson and Mr. Robinson supplied the plaintiff with blank proof of loss forms to be completed and sworn to by the plaintiff. They explained that completion of such a form was a prerequisite to recovery of his claim under the terms of the policy and that the Company insisted on full compliance with each and every provision of the insurance policy. Affidavit of Harry P. Robinson, Exhibit B to Defendant's Motion for Summary Judgment. On the same day plaintiff also met with defendant's attorney, who reviewed with him the conditions precedent in the policy to plaintiff's per-

fecting his claim for insurance proceeds, specifically, preparation of an acceptable signed, sworn statement in proof of loss. Affidavit of Clayton H. Farnham, Exhibit C to Defendant's Motion for Summary Judgment.

In addition to the affidavits of Mr. Robinson and Mr. Farnham, defendant has included in support of its motion a certified copy of the standard business owner's policy that was issued to plaintiff. Under the heading "Conditions Applicable to Section I [Property Coverages]" the policy states in part:

2. DUTIES OF THE NAMED INSURED AFTER A LOSS

In case of loss, the named insured shall:

. . . . .

(e) submit to the Company within 60 days after requested a signed, sworn statement of loss which sets forth, to the best of the named insured's knowledge and belief:

(1) the time and cause of loss;

(2) interest of the insured and all others in the property involved and all encumbrances on the property;

(3) other policies of insurance which may cover the loss;

(4) changes in title or occupancy of the property during the term of the policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damaged personal property described in (c) above;

(7) receipts for extra expenses incurred and records supporting the rental value.

. . . . .

6. PAYMENT OF LOSS

The Company will pay all adjusted claims within thirty (30) days after presentation and acceptance of the proof of loss.

. . . . .

8. SUIT

No suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced the suit within one year after the loss occurs.

■ Under Georgia law, "insurance is a matter of contract and the parties are bound by the terms of the policy." *Richmond v. Georgia Farm Bureau*, 140 Ga.App. 215, 221, 231 S.E.2d 245 (1976); *Barker v. Coastal States Life Insurance Company*, 138 Ga.App. 164, 166, 225 S.E.2d 924 (1976). "Absent a waiver, the furnishing of the proof of loss as required by the policy is a condition precedent to the accrual of liability on the part of the company and to the institution of suit by the insured." *Buffalo Insurance Company v. Star Photo Finishing Co.*, 120 Ga.App. 697, 708, 172 S.E.2d 159 (1969) and cases cited therein. Thus, relying on the undisputed fact that plaintiff has never submitted the signed, sworn proof of loss required by the policy and expressly requested by defendant's agents, defendant contends that it is entitled to judgment as a matter of law.

In opposition to defendant's motion, plaintiff has submitted his own affidavit from which are drawn four material facts that he contends remain in issue:

1.

Plaintiff made a demand for the sum of $19,180.30 and submitted proof of loss for same on December 11, 1981.

2.

Defendant never questioned the sufficiency of the proof of loss until February 19, 1982, which is more than sixty (60) days after the demand was submitted.

3.

Defendant made investigation of plaintiff's books and records, therefore plaintiff believed his submitted proof of loss and demand were sufficient.

4.

Until February 19, 1982, defendant never requested a sworn proof of loss as outlined in the policy on page 18 thereof. Plaintiff's Statement of Material Facts in Issue in Opposition to Defendant's Motion for Summary Judgment. Unfortunately

for the plaintiff, none of these statements points up any material fact in dispute.

■ First, defendant does not dispute that plaintiff submitted to it a document indicating which merchandise was stolen and the total value of the merchandise. The only question is whether this constituted a valid demand and proof of loss within the meaning of the policy or Georgia law as contended by plaintiff. Clearly it did not. Although plaintiff uses the phrase "proof of loss" in a generic sense to characterize his inventory of stolen merchandise, there is no contention that this document was either signed or sworn to as required by the terms of the policy. Thus, it is undisputed that plaintiff has failed to submit the sworn proof of loss which, absent a waiver, is a precondition to defendant's liability under the policy. *Buffalo Insurance Company, supra.*

■ Second, defendant admits that it did not request a sworn proof of loss as outlined in the policy until February 19, 1982, and that prior to this it conducted an investigation of plaintiff's business records and remaining inventory. However, contrary to plaintiff's argument, this does not raise any question of fact as to whether defendant waived its policy provision requiring a sworn statement of loss.

The cases cited by plaintiff in support of this view are inapposite. In *Napp v. American Casualty Company*, 110 Ga.App. 673, 139 S.E.2d 425 (1964), the court held that the insurer's silence in the face of the insured's repeated requests for proof of loss forms raised a jury question as to whether there was a waiver of the insurer's right to insist on such forms. Similarly, in *Allstate Insurance Company v. McGee*, 157 Ga.App. 53, 276 S.E.2d 108 (1981), the court held that the jury could have reasonably found that the insurer was estopped to deny liability because of the insured's failure to provide sworn proof of loss where the insurer, "by its course of negotiation with the plaintiff, lulled him into a belief that his claim would be paid" without supplying such proof of loss. *Id.* at 55, 276 S.E.2d 108 (quoting *Travelers Fire Insurance Company v. Robertson*, 103 Ga.App. 816, 818, 120 S.E.2d 657 (1961)). In both cases the insured was misled by his insurer's course of conduct into failing to meet policy requirements with respect to proof of loss.

■ Plaintiff has presented no evidence that defendant here engaged in any such course of conduct. Defendant made no representations, either through silence or otherwise, that a sworn proof of loss would not be required. That defendant first conducted an investigation of the claim and did not request a sworn proof of loss until more than two months after first receiving notice of plaintiff's loss cannot support an inference of waiver.* It is immaterial that plaintiff may have at first believed that no sworn proof of loss would be required. At the meeting held on February 19, 1982, defendant's agents made clear to plaintiff that the company would require such proof pursuant to its rights under the policy. Thereafter, plaintiff had a full sixty days within which to supply the necessary document. For reasons that are not apparent from the record, he chose not to do so. Plaintiff thereby knowingly failed to comply with one of the prerequisites to recovery on his claim, and he has presented no evidence that this failure was due to any deceit or implied waiver on the part of defendant.

It is clear from the above discussion that no genuine issues of material fact remain in this case, and that under the terms of the insurance policy defendant is entitled to judgment as a matter of law. Accordingly,

---

\* *See* Ga.Code Ann. § 56–2428, which provides in pertinent part:

> Without limitation of any right or defense of an insurer otherwise, none of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder:

> (1) Acknowledgement of the receipt of notice of loss or claim under the policy.

>    .    .    .    .    .

> (3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim.

defendant's motion for summary judgment is GRANTED. Each side shall bear its own costs.