## 73832. ROGERS v. SOUTHEASTERN FIDELITY INSURANCE COMPANY.
### (354 SE2d 199)

BANKE, Presiding Judge.

The plaintiff brought this action against the defendant insurance company to recover for the loss of his automobile after it was destroyed in a collision. This appeal is from the trial court's grant of summary judgment to the insurer based on the conclusion that the policy in question had expired some 5 hours and 43 minutes prior to the collision.

The record shows without dispute that the collision occurred at 5:44 a.m. on October 2, 1985. The effective dates of the policy, as specified at the top of the declaration page, were October 2, 1984, to October 2, 1985. At the bottom of this page are the words, "POLICY PERIOD 02:20 PM STANDARD TIME." Based on this evidence, the appellant contends that his coverage began at 2:20 p.m. on October 2, 1984, and ended at that same time, exactly one year later. However, the application form, which is attached to the policy and is also before us in the record, specifies that coverage was to be effective from 2:20 p.m. on October 2, 1984, until 12:01 a.m. on October 2, 1985.

The trial court, while acknowledging that an ambiguous insurance contract should be liberally construed in favor of the insured, concluded that the dates and times shown on the application were controlling and that the statement "POLICY PERIOD 02:20 P.M. STANDARD TIME" appearing on the declaration page of the policy was clearly intended to refer to the inception of coverage only. *Held*:

We agree with the court that the application form attached to the policy became a part of the insurance contract and that the information found there was consequently relevant to determine the intention of the parties. See *West v. Rudd*, 242 Ga. 393 (249 SE2d 76) (1978). It does not follow, however, that the language of the application form is controlling over the language of the policy if the two are in conflict. In this case, the language of the declaration page may reasonably be construed as specifying that the policy period was 2:20 p.m. on October 2, 1984, to 2:20 p.m. on October 2, 1985. Consequently, the language of the application form merely creates an ambiguity in this respect. "If a policy of insurance is so drawn as to require an interpretation, and is fairly susceptible of two different constructions, the one will be adopted most favorable to the insured." *Johnson v. Mut. Life Ins. Co.*, 154 Ga. 653 (1) (115 SE 14) (1922). As the policy language is fairly susceptible of two different constructions in this case, it follows that the trial court erred in granting summary judgment to the insurer.

*Judgment reversed. Carley and Benham, JJ., concur.*

Decided February 24, 1987.

A. G. Wells, Jr., for appellant.
Kenneth L. Royal, for appellee.