76739. HULSTZMAN et al. v. STATE FARM FIRE & CASUALTY COMPANY.
76740. TIMMONS et al. v. STATE FARM FIRE & CASUALTY COMPANY.
(372 SE2d 9)

BANKE, Presiding Judge.

The appellee, State Farm Fire & Casualty Company, filed this declaratory judgment action seeking to ascertain its obligations under a "Rental Dwelling Policy" covering certain residential premises occupied by appellants Fannie Lou Hulstzman and Vannie O. Floyd. The policy was issued to the owners of the premises, James and Margaret Christie, who are not parties to the present litigation. While the coverage was in force, an acquaintance of Ms. Hulstzman and Mr. Floyd allegedly caused an automobile collision after being served alcoholic beverages on the premises as their guest. Appellants Carolyn and Edgar Timmons and their minor child, Frances, subsequently filed suit against Hulstzman, Floyd, and certain other individuals seeking to recover for injuries they had allegedly sustained in this collision. The Christies were at one time named as defendants in that action, but all claims against them were subsequently dismissed.

State Farm brought the present declaratory judgment action being notified that all of the parties to the Timmonses' action were looking to the Christies' rental dwelling policy to satisfy any judgment the Timmonses might recover, and after receiving a demand from Hulstzman and Floyd to be provided with a legal defense in that action. These appeals are from the grant of State Farm's motion for summary judgment in the declaratory judgment action. *Held*:

1. The Christies' "Rental Dwelling Policy" extends liability coverage as follows: "COVERAGE L — BUSINESS LIABILITY. If a claim is made or a suit is brought against any insured for damages because of *bodily injury, personal injury, or property damage* to which the coverage applies and which arises from the ownership, maintenance, or use of the *insured premises,* we will: a. Pay up to our limit of liability for which the *insured* is legally liable; and b. Provide a defense at our expense by counsel of our choice. . . ." (Emphasis from original.)

The policy definition of "insured" encompasses persons named in the policy declarations, their employees while acting in the scope of their employment, and any person or organization while acting as real estate manager for the named insured. Clearly, none of the appellants in this case can, by any stretch of the imagination, be fit into any of these categories. It follows that State Farm has no obligation to them under the terms of the policy. "Where the language fixing the extent of liability of an insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made." *Cotton States Mut. Ins. Co. v. Bowden*, 136 Ga. App. 499, 500 (221 SE2d 832) (1975).

2. The appellants contend that to "exclude" them from coverage under the policy would be violative of "[t]he public policy of this state . . . to provide indemnification for innocent parties where they have been exposed to unreasonable risks of harm." Generally speaking, "[a]n insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others. 'If the terms of the contract are clear and express, the courts cannot extend or enlarge the contract by implication or construction so as to embrace an object or limitation distinct from that originally contemplated and not included in the express provisions.' (Cit.)" *Fokes v. Interstate &c. Ins. Co.*, 59 Ga. App. 680, 681 (2 SE2d 170) (1939).

In those cases where restrictions or limitations have been imposed by the courts on the right of an insurer to define and limit the risk or liability assumed under the terms of a policy, it has been on the basis of mandatory statutory provisions specifying the minimum coverage to be provided. See, e.g., *Smith v. Southeastern Fidelity Ins. Co.*, 258 Ga. 15 (1) (365 SE2d 105) (1988) (involving "no-fault" motor vehicle accident coverage); *Bass v. State Farm Mut. Auto. Ins. Co.*, 128 Ga. App. 285, 287-288 (196 SE2d 485) (1973) (involving uninsured motorist coverage). We are aware of no statute which requires a landlord to obtain insurance in any amount against his own liability for injuries resulting from the use of the rented premises, much less to insure against the liability of others in this regard. Consequently, we find the appellants' public policy argument to be without merit.

3. Being unable to discern any reasonable ground upon which the appellants might have anticipated the reversal of the trial court's judgment, we assess a $500 penalty against the appellants pursuant to Rule 26 (b) of this court for pursuing a frivolous appeal. The trial court is hereby directed to enter judgment against the appellants in such amount, jointly and severally, upon the return of the remittitur in the case.

*Judgment affirmed with damages. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JULY 13, 1988 —
REHEARING DENIED JULY 22, 1988.

*Brinson Williams, Jr., Clarence L. Martin*, for appellants.
*Martin Kent*, for appellee.