A89A2066. McGEE v. SOUTHERN GENERAL INSURANCE
COMPANY.
(391 SE2d 669)

Birdsong, Judge.

Appellant Milton McGee, Jr., appeals the order of the trial court granting summary judgment to and directing final verdict in favor of appellee Southern General Insurance Company.

Appellant was injured when he was thrown from the back of an uninsured pickup truck driven by Leo Manuel. Manuel had borrowed the truck from a friend to move furniture. Appellant brought suit for no-fault benefits against Manuel's insurer who had issued a policy of insurance listing Manuel's 1975 Buick Regal as the insured motor vehicle. Appellant was not related to or otherwise a member of Manuel's household. *Held*:

Appellant asserts that the trial court erred in granting summary judgment to and awarding final judgment in favor of appellee. We agree.

The basic coverage provided in Manuel's policy included that of bodily injury liability, property damage liability and basic personal injury protection, as set forth in a declaration attached to the policy. Examination of the policy provision pertaining to "Definition of Insured" reflects that appellant would not come within its express provisions. However, the policy contains an additional clause captioned "Use of Other Automobiles." Examination of this clause in conjunction with an examination of the policy in toto reveals that the scope of the bodily injury liability and property injury liability coverage, provided by the policy, was extended to apply "with respect to any other automobile" used by the insured, Manuel. The bodily injury liability clause of the policy pertinently provided coverage "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages . . . *sustained by any person*, caused by accident and arising out of . . . use of the automobile." (Emphasis supplied.) Thus, by the clear terms of these provisions, an "other automobile" used by the insured, Manuel, was given the legal status of an insured automobile for purposes of bodily injury liability coverage, and thus *provided* bodily injury liability coverage for the insured in the circumstances of this case. This provision, however, does not per se affect the scope of personal injury protection (PIP) coverage provided by the policy.

The declaration page of the policy of insurance constitutes a part thereof and the provisions therein must be construed with the re-

mainder of the insurance contract. See *Hulstzman v. State Farm Fire &c. Co.*, 188 Ga. App. 12 (1) (372 SE2d 9); *Rogers v. Southeastern Fidelity Ins. Co.*, 181 Ga. App. 864 (354 SE2d 199). The declaration page of the policy in this case contains the following pertinent entries: (a) "Basic Personal Injury Protection [PIP] Endorsement Statutory Limits" (listed in a column marked "COVERAGES"), (b) "$5000 Coverage — NOT AVAILABLE ON MOTORCYCLES" (listed in a column marked "LIMITS OF LIABILITY"), and (c) "INCLUDED WHERE COVERAGE A PROVIDED" (a typewritten entry in capital letters commencing in the column marked "LIMITS OF LIABILITY" in which the $5,000 coverage entry is located and continuing into certain sub-columns of the column marked "PREMIUMS"). It is clear from this entry that PIP coverage was intended to be provided whenever "Coverage A," that is bodily injury liability coverage, is provided under the policy. The provision, however, is susceptible to differing reasonable interpretations regarding the scope of the PIP coverage provided. One interpretation is that $5,000 PIP coverage is intended to be provided in *all* cases where Coverage A is provided to the insured. As the insured was provided Coverage A under the "Use of Other Automobiles" provision of the insurance contract, under the above interpretation in order to effectuate the policy provision, the pickup truck would also be accorded the status of an *insured automobile* for PIP coverage purposes in accordance with the "INCLUDED WHERE COVERAGE A PROVIDED" clause on the declaration page of the policy. However, this provision also could be interpreted as being intended only to provide that PIP coverage as authorized by the Basic Personal Injury Protection Endorsement, where Coverage A was provided. In such circumstances, the pickup truck would fail to meet the definition of "insured motor vehicle" contained in the basic PIP endorsemnt, and appellant would not have a viable PIP claim.

As the above provisions are capable of being reasonably construed in more than one way or are otherwise uncertain of meaning or expression, we find the existence of ambiguity. *Travelers Ins. Co. v. Blakey*, 255 Ga. 699 (342 SE2d 308); *Tarbutton v. Duggan*, 45 Ga. App. 31 (5) (163 SE 298). The construction of a contract is a question of law for the court, and "even ambiguous contracts are to be construed by the court unless an ambiguity remains after application of applicable rules of construction." *Travelers Ins. Co.*, supra at 700.

"Under Georgia rules of contract interpretation, words in a contract generally bear their usual and common meaning. [Cit.] However, 'if the construction is doubtful, that which goes most strongly against the party executing the instrument or undertaking the obligation is generally to be preferred.' [Cit.] Georgia courts have long acknowledged that insurance policies are prepared and proposed by insurers. Thus, if an insurance contract is capable of being construed two ways,

it will be construed against the insurance company and in favor of the insured." *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333 (1) (380 SE2d 686); see generally OCGA § 13-2-2 (5). Moreover, an insurer can provide more no-fault coverage than required by law. See, e.g., OCGA § 33-34-3 (b). Applying these principles, we construe this policy as providing PIP coverage in *all* cases where Coverage A is provided without regard to the otherwise limiting language of the Basic Personal Injury Protection Endorsement regarding the definition of "insured motor vehicle."

*Judgment reversed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 20, 1990 —
REHEARING DENIED MARCH 9, 1990 —

*L. B. Kent*, for appellant.
*Freeman & Hawkins, Michael J. Goldman*, for appellee.