A90A0055. BERGAN v. TIME INSURANCE COMPANY.
(395 SE2d 361)

McMURRAY, Presiding Judge.

Appellant Bergan secured coverage under a group policy of health insurance through her employer which was issued by appellee Time Insurance Company. Bergan's coverage became effective on July 1, 1987, and continued through October of 1988, when her employment was terminated. Believing that her insurance was in effect, Bergan made an appointment with Dr. Thomas J. High, her general practitioner physician, for June 16, 1987, because she was suffering symptoms of what she thought was a bladder infection. Dr. High per-

formed a pelvic examination and found a "mildly tender" mass on the right side of Bergan's pelvis. Dr. High suggested that Bergan have a pelvic ultrasound examination and see a gynecologist. On June 18, 1987, a pelvic ultrasound examination was performed on Bergan and she was also examined by Dr. Fred Gober, a gynecologist. Based upon Bergan's reporting to him that she had skipped some menstrual periods, gained weight, had bladder and kidney problems, and had been experiencing pelvic pain and discomfort during sexual activity for a year, and finding a large pelvic mass extending into the abdominal region, Dr. Gober recommended that Bergan "seriously consider" undergoing an exploratory laparotomy "to evaluate . . ., and if possible, cure the problem." After receiving the ultrasound report several days later, Dr. High called Bergan and informed her that her pelvic mass needed to be "addressed by a gynecologist; and that this should be done sooner rather than later."

Bergan left for a two-week vacation in Mexico; upon her return after July 1, 1987, when her insurance became effective, she made an appointment with Dr. Gary Bodner for further examination of her pelvic mass. This examination led to an exploratory laparotomy during which low grade cancer of the ovaries was found. Dr. Bodner called in Dr. Benedict Benigno, a pelvic oncology specialist, to aid in surgery and Bergan underwent a bilateral hysterectomy and other necessary procedures on July 13, 1987. The next day she was informed she would have to have chemotherapy, which lasted for ten months.

Bergan filed claims for payment of all these medical bills and was informed by appellee by letter dated August 7, 1987, that coverage was being denied because under the provisions of her medical plan benefits were not available for an illness for which she "received medical care, treatment, medicine or advice during the six month period immediately prior to the effective date . . . until coverage has been in force for 12 consecutive months." When her demand for payment under the insurance policy was denied, Bergan filed the instant suit, seeking payment of medical bills totaling almost $21,000, and damages for bad faith. This appeal is from the denial of Bergan's motion for summary judgment and the grant of summary judgment in favor of the insurance company. *Held*:

Appellee's policy expressly excludes coverage for "preexisting conditions." As defined therein, "A preexisting condition means an illness or injury for which medical care, treatment, medicine or advice was received during the six-month period immediately prior to the effective date of the person's coverage under this plan. *Preexisting conditions are not covered until the person has been continuously insured for 12 months.*" (Emphasis supplied.) Bergan does not dispute that she was suffering from ovarian cancer prior to the effective

date of her coverage, but contends that because that disease was not diagnosed prior to commencement of the policy period, she received no "medical care, treatment, medicine or advice" during the proscribed time period and is thus entitled to coverage. In support of her argument she relies upon two decisions of this court: *Beggs v. Pacific Mut. Life Ins. Co.*, 171 Ga. App. 204, 205 (2) (318 SE2d 836) (1984), and *Mutual Life Ins. Co. of N. Y. v. Bishop*, 132 Ga. App. 816 (209 SE2d 223) (1974). We do not find those cases controlling because of the difference in the language of the policy exclusions.

The policy in *Beggs v. Pacific Mut. Life Ins. Co.*, supra, excluded "coverage of treatment of a '*disease manifested or bodily injury sustained* before the insured became covered under this Coverage, *unless such insured, while covered under this Coverage, completes a 90-day period during which such insured receives no medical, surgical or nursing services*, and no drug or medicine obtainable only upon the prescription of a physician *to treat such disease or injury. . . .*' (Emphasis supplied.)" Id. at 204. In *Mutual Life Ins. Co. of N.Y. v. Bishop*, supra, the policy provision excluded "coverage for charges for 'sickness, disease, or bodily injury which required medical care or treatment during the three months immediately preceding the effective date of (Mr. Bishop's) insurance.'" Id. at 816. The policy in the case sub judice excludes coverage for "an illness or injury for which medical care, treatment, medicine *or advice* was received prior to the effective date of coverage." (Emphasis supplied.)

Thus, pretermitting the question of whether Bergan received medical care or treatment prior to the effective date of her coverage, we must determine whether she received *"advice"* concerning her illness during this period, and we conclude that she did. While the word "advice" has not been defined by Georgia law, in construing contracts "[i]f the terms used are clear and unambiguous they are to be taken and understood in their plain, ordinary, and popular sense. [Cits.] Dictionaries supply the plain, ordinary and popular sense. [Cit.]" *Henderson v. Henderson*, 152 Ga. App. 846 (1), 847 (264 SE2d 299) (1979). "Advice" is defined as "an opinion or recommendation offered as a guide to action, conduct, etc." (Random House Dictionary of the English Language (2d ed. 1987)); and a "[r]ecommendation regarding a decision or course of conduct; specif., that of professional counsel." (Webster's New Intl. Dictionary (2d ed. 1961)). When Dr. High examined and tested Bergan, determining that her problems were being caused by a pelvic mass, he "advised" her to see a gynecologist and to have an ultrasound examination. Dr. Gober "advised" further evaluation and treatment of the problem by means of an exploratory laparotomy. Giving the language of the policy exclusion a reasonable construction without extending it beyond its plain terms, it can only be concluded that Bergan received medical advice for her illness prior to

the effective date of coverage as contemplated in the exclusionary clause. See *Perkins Hardwood Lumber Co. v. Bituminous Cas. Corp.*, 190 Ga. App. 231 (1), 232 (378 SE2d 407) (1989). Consequently, the trial court did not err in granting Time Insurance Company's motion for summary judgment and in denying appellant Bergan's motion for summary judgment.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1990.

*Federal & Todd, Thomas R. Todd, Jr., James L. Bentley III*, for appellant.

*Fortson & White, Harvey S. Gray, Michael D. St. Amand*, for appellee.