A90A2317. AVANTI GROUP (U.S.A.), LTD. v. ROBERT HALF OF ATLANTA, INC.
(401 SE2d 576)

BEASLEY, Judge.

Defendant The Avanti Group (U.S.A.), Ltd., Avanti Furs, appeals the grant of partial summary judgment on the issue of contractual liability in favor of plaintiff Robert Half of Atlanta, Inc., and the denial of summary judgment to Avanti in this suit to collect an employment placement fee.

The record shows the following to be without dispute. From November 24, 1987 to April 11, 1988, Avanti employed DeFalcis as a temporary accounting employee on assignment from Accountemps, a temporary employment service division of Robert Half. At the beginning of DeFalcis' employment, Avanti received from Accountemps its "Conditions of Assignment" and other documents. Each week of DeFalcis' temporary employment Avanti's agents signed a "client approval" on time cards for DeFalcis, and each time card contained the statement that by signing the client approval, the party agreed to be bound by the terms of the conditions of assignment, which were listed.

One of the conditions of assignment provided: "After you evaluate the performance and potential of our employee on the job you may wish to employ this person directly. Our employees represent our inventory of skilled professionals and in the event you wish them converted to your employ a conversion fee will be charged. The conversion Fee Schedule has been furnished to you by mail and is our stan-

dard placement fee. Though we do not[1] encourage conversions, we ask that you carefully consider our employee before making the offer. Simply call our office and advise when you wish our employee transferred to your payroll and the date you wish the conversion effective. A conversion fee will be due us if you hire our employee assigned to you, regardless of the employment classification, on either a permanent, temporary (including temporary assignments through another agency) or consulting basis within twelve months of the last day of your assignment period or the last day our employee was paid by us for your assignment period (whichever occurs first). You also agree to pay a conversion fee if our employee assigned to you is hired by a subsidiary or related company as a result of your referral of our employee to that company."

DeFalcis completed the temporary assignment for Avanti on April 11, 1988, and ceased her relationship with Robert Half after mid-May 1988. After learning that Avanti had a job opening for a permanent position, in January 1989, DeFalcis interviewed for it with the company's comptroller. The comptroller was not employed by Avanti at the time DeFalcis had been temporarily employed there, and during the interview DeFalcis' prior employment was not discussed. DeFalcis was hired for this permanent position within 12 months of completion of her temporary assignment through Robert Half. When Robert Half learned of this, it sent Avanti an invoice for the conversion fee outlined in the conditions of assignment.

(a) Avanti maintains that there was a material question of fact as to whether the "conditions of assignment" formed part of the contract because of a lack of consideration, no meeting of the minds, and lack of authorization in regard to signature of the time cards. It further asserts that even if the conditions were part of the contract, there is a material question about the proper construction of the conversion fee provision.

There is no evidence of record to support the contention that the conditions of assignment were not part of the contract between the parties due to a lack of authorization or meeting of the minds. Nor was any lack of consideration shown. See OCGA § 13-3-42. The documentary evidence showed otherwise.

(b) Avanti also contends that the conversion fee provision could reasonably be interpreted to provide that Avanti would owe the fee to Robert Half if and only if Avanti hired an employee who had been assigned to Avanti by Half and who was still an employee of Half at the time he or she was hired as a direct employee by Avanti. That is, the conversion fee is incurred only when hiring a Half employee.

---

[1] The time card omits this word.

"It is axiomatic that a contract should be construed by the court where the language is undisputed but the meaning of that language is in dispute. OCGA § 13-2-1. It is the responsibility of the court to determine whether an ambiguity exists. [Cit.] If the contract does not require disentanglement of the language by a jury, i.e., the words used are plain and clear in their common usage, it remains the duty of the trial court to look to the language of the contract with a view to effectuating the intent of the parties. [Cits.]" *Board of Regents &c. of Ga. v. A. B. & E., Inc.*, 182 Ga. App. 671, 673 (357 SE2d 100) (1987). Avanti's interpretation of the provision would not be a reasonable one because it could easily defeat the stated purpose of affording Half a placement fee for professional talent it has found for a business. Half's right to the fee could be circumvented for the benefit of a new employer by the Half employee purposefully terminating his or her association with Half prior to taking the direct position with the new employer which had benefited from Half's initial introduction of the screened employee. The parenthetical inclusion in the provision confirms the construction that time and not current employment controls the issue of liability.

There was no error in the court's construction of the provision and conclusion that Avanti was contractually liable to Robert Half for the conversion fee for DeFalcis. There was consequently no error in denying summary judgment to Avanti.

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 22, 1991.

*Barry L. Zimmerman, Keith F. Brandon*, for appellant.
*Bryant, Davis & Cowden, James W. Hays*, for appellee.