A92A0121. CANDLER v. DAVIS & UPCHURCH.
(419 SE2d 69)

JOHNSON, Judge.

Asa W. Candler III (Candler) was a general partner of Glenridge Square Limited Partnership (Glenridge Square). Davis & Upchurch, a firm of certified public accountants, filed a complaint alleging that Candler failed to pay for accounting services for which he personally contracted on behalf of Glenridge Square. Davis & Upchurch also sought attorney fees, alleging that Candler entered into the contract in bad faith and was stubbornly litigious. A jury found in favor of Davis & Upchurch and awarded damages plus attorney fees. The court denied Candler's motion for judgment notwithstanding the verdict and his motion for a new trial. Candler appeals.

1. Candler's first enumeration of error actually asserts six separate errors in the trial court's charge to the jury. None of these assertions is meritorious.

At the outset, we note that only Candler's requests to charge are included in the record on appeal; none of Davis & Upchurch's requests to charge is included in the record. Candler first complains that the court erred in failing to give his second requested charge, which applies to instances when the intentions of the parties to a contract differ. Candler next argues that the court erred in failing to give

his ninth requested charge, which states the elements for a claim on an account. " 'There is no duty to charge on possible issues in a case which are not supported by the evidence. (Cits.)' [Cit.]" *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 883 (7) (311 SE2d 193) (1983). In the instant case, there was no evidence presented to the jury to support Candler's second and ninth requested charges and therefore the court did not err in refusing to give those charges.

Candler also asserts in his first enumeration that the trial court erred in charging the jury on parol evidence, on quantum meruit and in giving Davis & Upchurch's request to charge number eleven. None of these alleged errors is supported in Candler's brief by citation of authority or argument. Accordingly, these enumerated errors are deemed to have been abandoned. See Court of Appeals Rule 15 (c) (2).

Candler further argues that the court erred in charging that there is a rebuttable presumption that professionals render their services in an ordinarily skillful manner. This argument is unsupported by citation of authority and Candler has not shown that the charge was inaccurate, incomplete, inapplicable or harmful. We therefore find no error.

2. Candler contends that the trial court erred in granting Davis & Upchurch's motion in limine to exclude evidence that he personally did not enter into the contract. Candler argues that he entered into the contract on behalf of one of his corporations. This contention is without merit.

" 'It is axiomatic that a contract should be construed by the court where the language is undisputed but the meaning of that language is in dispute. OCGA § 13-2-1. It is the responsibility of the court to determine whether an ambiguity exists. (Cit.) If the contract does not require disentanglement of the language by a jury, i.e., the words used are plain and clear in their common usage, it remains the duty of the trial court to look to the language of the contract with a view to effectuating the intent of the parties. (Cits.)' [Cit.]" *Avanti Group (U.S.A.), Ltd. v. Robert Half of Atlanta*, 198 Ga. App. 366, 368 (401 SE2d 576) (1991). The trial court ruled that the undisputed language of the agreement clearly showed that the parties intended the contract to be between the accountants and Candler personally. The court noted that the agreement was sent to Candler personally, not in his capacity as president of a corporation, and that Candler signed the agreement as an individual, without any reference to a corporation. " 'The trial court's findings will not be set aside unless they are clearly erroneous. . . . (Cit.)' " *Price v. Age, Ltd.*, 194 Ga. App. 141, 142 (1) (390 SE2d 242) (1990). We therefore find that the trial court properly rejected Candler's interpretation of the contract.

Accordingly, based on the court's proper ruling that the plain

language of the contract established as a matter of law that the contract was between the accountants and Candler personally, any evidence to the contrary would have been completely irrelevant and was appropriately excluded. "Questions of relevancy are within the domain of the trial court. Absent a showing that the trial court abused its discretion in refusing to admit evidence on the grounds of its irrelevancy, the court's ruling will not be disturbed on appeal. [Cit.]" *Allstate Ins. Co. v. McGee*, 157 Ga. App. 53, 55 (7) (276 SE2d 108) (1981).

3. Candler's next enumeration is that the trial court erred in admitting similar transaction evidence. We disagree.

"The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." OCGA § 24-2-2. " ' "Similar acts are admissible in evidence, if committed or proposed at or about the same time, and when the same motive may reasonably be supposed to exist, with a view to establish the intent of the defendant in respect to matters charged against him in the petition. (Cits.) This is so in transactions of similar nature or like character in which the defendant had engaged previously to the one in question. (Cit.) . . . Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature, done or proposed by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. . . .'" (Cits.)' " *Pope v. Propst*, 179 Ga. App. 211, 214 (2) (345 SE2d 880) (1986).

In the case sub judice, the trial court allowed testimony that the charges of other accountants and attorneys who worked for Candler on the Glenridge Square project were approximately twice as much as their original estimates and that Candler had failed to pay. Davis & Upchurch claimed that their charges were also double the amount originally estimated due to delays caused by Candler. Moreover, Davis & Upchurch sought attorney fees based on Candler's alleged bad faith in entering into the agreement. In light of the similarity of the transactions involved and the issue of bad faith, we cannot say that the trial court abused its discretion in finding that the evidence of similar transactions by Candler was relevant and should be heard by the jury. " 'If the evidence offered by a party is of doubtful relevancy, it should nevertheless be admitted and its weight left to the jury. . . . (Cit.)' [Cit.]" *Wages v. Sibran, Inc.*, 171 Ga. App. 14, 15 (1) (318 SE2d 679) (1984). Accordingly, we find no error.

4. Candler complains in his final enumeration of error that the

trial court erred in allowing evidence of attorney fees, in denying his motion for a directed verdict on the issue of attorney fees, in charging the jury on attorney fees, in excluding evidence of negotiations and in excluding defendant's exhibit twelve. These complaints are without merit.

(a) At trial, Candler objected to the admission of evidence of attorney fees as irrelevant. " '[A]dmission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.' " *Barnwell v. State*, 197 Ga. App. 116, 118 (5) (397 SE2d 717) (1990). Here, the trial court did not abuse its discretion. Davis & Upchurch were seeking attorney fees for Candler's alleged bad faith. Evidence as to that issue was clearly relevant.

(b) " 'The standard of review of the trial court's denial of a motion for directed verdict in a civil case is the "any evidence" standard. (Cit.)' [Cit.]" *CSX Transp. v. Barnett*, 199 Ga. App. 611, 613 (2) (405 SE2d 506) (1991). In the case at bar, there was substantial evidence from which the jury could conclude that Davis & Upchurch were entitled to attorney fees. Thus, the court did not err in denying Candler's motion for a directed verdict as to attorney fees.

(c) " '(W)here there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. (Cit.)' [Cit.]" *Day v. State*, 197 Ga. App. 875, 876 (2) (399 SE2d 741) (1990). In this case, there was evidence as to the issue of attorney fees and the court's charge was a correct statement of the law. The court's charge on attorney fees, therefore, was not error.

(d) Candler's remaining complaints, as to the exclusion of evidence of negotiations and of defendant's exhibit twelve, are without merit.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 5, 1992.

*Raiford, Dixon & Thackston, Tyler C. Dixon*, for appellant.
*Smith, Gambrell & Russell, Terry R. Weiss, Robert W. Beynart*, for appellee.

