A93A2002. ENTERPRISE FINANCIAL CORPORATION v. ROSS WHITE ENTERPRISES, INC.
(441 SE2d 805)

COOPER, Judge.

In this suit to recover under a guaranty, defendant Enterprise Financial Corporation (Enterprise) appeals from the grant of summary judgment to plaintiff Ross White Enterprises d/b/a National Computer Distributors (National). Enterprise also appeals from the denial of its own summary judgment motion.

Enterprise loaned money to BYOC, Ltd., a company engaged in the sale of computers. National sold computer equipment to BYOC on an open account. On October 23, 1991, Enterprise as lender to BYOC executed a Letter of Guaranty which guaranteed BYOC's obligation to pay National for the purchased equipment. The guaranty stated in pertinent part as follows: "This Letter of Guaranty is in effect through January 31, 1992 or unless sooner terminated by [Enterprise] with thirty (30) days written notice to [National], during which

---

time [National] can exercise their rights under this Guaranty." The guaranty further provided that any request for payment must be accompanied by a written statement certifying that BYOC had defaulted on its payment obligation and that National had given BYOC ten days notice of its intent to seek payment from Enterprise. On February 27, 1992, National submitted to Enterprise a claim for $19,214.16 for equipment that had been shipped to BYOC prior to January 31, 1992, but had not been paid for by BYOC. When Enterprise refused to pay because the claim was submitted after the guaranty had expired, National filed suit. The trial court granted National's motion for summary judgment and denied Enterprise's motion. The court concluded that the expiration term was ambiguous and, applying the applicable rules of contract construction, determined that the guaranty included all shipments made before January 31 and that National was not required to demand payment under the guaranty prior to that date.

1. In five enumerations of error, Enterprise attacks the trial court's reasons for granting summary judgment to National. It essentially claims the trial court erred in finding the expiration term was ambiguous and in extending Enterprise's liability beyond the strict terms of the guaranty.

"It is axiomatic that a contract should be construed by the court where the language is undisputed but the meaning of that language is in dispute. OCGA § 13-2-1. It is the responsibility of the court to determine whether an ambiguity exists. If the contract does not require disentanglement of the language by a jury, i.e., the words used are plain and clear in their common usage, it remains the duty of the trial court to look to the language of the contract with a view to effectuating the intent of the parties." (Citations and punctuation omitted.) *Candler v. Davis & Upchurch*, 204 Ga. App. 167, 168 (2) (419 SE2d 69) (1992).

"[W]here the contract is unambiguous and subject to only one construction, the liability of any surety [or guarantor] (whether compensated or not) is not to be extended beyond the terms of the contract by implication or interpretation." *Houston Gen. Ins. Co. v. Brock Constr. Co.*, 241 Ga. 460, 464 (2) (246 SE2d 316) (1978); see OCGA § 10-7-1. On the other hand, if there is any ambiguity in the contract of guaranty, it "is to be construed most strongly against the maker. [Cit.]" *Escambia Chem. Corp. v. Rocker*, 124 Ga. App. 434, 441 (184 SE2d 31) (1971).

The thrust of Enterprise's argument is that the language concerning expiration of the guaranty is capable of only one reasonable interpretation: that National had to demand payment under the guaranty prior to its expiration on January 31, 1992. We disagree. Although the trial court concluded that the language concerning the

date of expiration was ambiguous, we find the expiration provision was not ambiguous and that the only reasonable interpretation of that provision is that the guaranty covered all·shipments made to BYOC prior to its expiration on January 31, 1992, without regard to whether National made demand for payment under the guaranty prior to that date. The guaranty expressly provided that it "was in effect through January 31, 1992"; thus, any goods shipped to BYOC during that time period for which payment was not made by BYOC would be covered. Enterprise's assertion that not only did the goods have to be delivered to BYOC prior to January 31 but that demand for payment under the guaranty also had to be made before that date would be patently unreasonable and would defeat the underlying purpose of the guaranty. See *Avanti Group, Ltd. v. Robert Half of Atlanta*, 198 Ga. App. 366 (b) (401 SE2d 576) (1991). Because of the condition precedent that National had to give BYOC ten days notice of its intention to seek payment under the guaranty, under Enterprise's interpretation of the expiration provision, National would have been unable to give such notice on any goods shipped to BYOC after January 21. Thus, in order to accept Enterprise's interpretation of the expiration provision, we would have to interpret the guaranty as expiring on January 21 rather than January 31 in order for National to comply with the ten-day notice requirement. We find the guaranty is not capable of such an interpretation in light of the clear and unambiguous language that it expired on January 31.

Enterprise contends that the language "during which time [National] can exercise their rights" means National "must have made demand" before the expiration date. We find this contention to be without merit. In construing contracts, "if the terms used are clear and unambiguous they are to be taken and understood in their plain, ordinary, and popular sense." (Citations and punctuation omitted.) *Bergan v. Time Ins. Co.*, 196 Ga. App. 78, 80 (395 SE2d 361) (1990). Contrary to Enterprise's assertion, the word "can" ordinarily means may, not must. (See Random House Dictionary of the English Language (2d ed. 1987).) We thus read this language to mean National could sell computer equipment to BYOC under faith the guaranty was in existence up through the expiration date.

Moreover, assuming arguendo that the expiration provision was ambiguous, we would be required, as did the trial court, to construe the provision against Enterprise as the drafter of the agreement and the party undertaking the obligation.[1] *Lewis v. Uselton*, 202 Ga. App. 875 (3) (416 SE2d 94) (1992); see also *Escambia Chem. Corp.*, supra

---

[1] Although Enterprise claims there is no evidence that it drafted the guaranty, we find such a contention to be without merit. The letter of guaranty is drafted on Enterprise's letterhead and is addressed to National.

at 441. Construing the provision against Enterprise, the same interpretation as reached above would apply.

For the foregoing reasons, we find the trial court properly granted summary judgment to National and denied summary judgment to Enterprise.

2. In light of our holding in Division 1, we need not address Enterprise's remaining enumerations of error.

*Judgment affirmed. Beasley, P. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I agree that the trial court did not err in granting summary judgment to National, but I cannot agree that the expiration provision in the guaranty was unambiguous. If the January 31, 1992 expiration date refers to the date by which a sale of equipment must be made to be subject to the guaranty, rather than the time within which a claim can be made, then the time for making a claim itself would be of indefinite duration. The use of the word "can" in the expiration provision is also ambiguous. Although the word is often used interchangeably with "may," it also is interpreted as "to be enabled by law" or "to have a right to." See Black's Law Dictionary, p. 206 (6th ed. 1990). Even if the word "can" is used in an indefinite sense, it may refer not to a time limitation, but to the expectation or hope that no claim under the guaranty would be necessary.

The trial court correctly found this language to be ambiguous. However, "[t]he construction of a contract is a question of law for the court, and 'even ambiguous contracts are to be construed by the court unless an ambiguity remains after application of applicable rules of construction.' [Cit.]" *McGee v. Southern Gen. Ins. Co.,* 194 Ga. App. 783, 784 (391 SE2d 669) (1990). The trial court applied the appropriate rules of contract construction to the expiration provision, construing it strictly against the drafter to effectuate its intent. I therefore concur in the affirmance of the trial court's grant of summary judgment to National.

DECIDED MARCH 8, 1994.

*Nelson, Mullins, Riley & Scarborough, B. Shane Clanton, Kenneth L. Millwood,* for appellant.

*Dailey, Mattox, Chambliss & Bradley, Michael A. Dailey, Ross Gelfand,* for appellee.